# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-09323 MMM (VBKx) | Date | March 16, 2010 |

| | |
|---|---|
| Title | *Valley Forge Insurance Co. v. APL Co. Pte. Ltd., et al.* |

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    Order Remanding Action to Los Angeles Superior Court

## I. BACKGROUND

On November 17, 2009, plaintiff Valley Forge Insurance Co. sued defendants APL Co. Pte. Ltd., UG Co. Inc., and Kamdar Global LLC in Los Angeles Superior Court. APL removed the action to this court on December 21, 2009, asserting that it fell within the court's diversity jurisdiction under 28 U.S.C. §§ 1441 and 1332. APL's notice of removal alleges that Valley Forge is a Pennsylvania corporation with its principal place of business in Illinois.[1] APL is a Singapore corporation with its principal place of business in that country.[2] APL asks that the court disregard the citizenship of UG because it is a California corporation whose corporate status has been suspended; similarly, it requests that the court disregard the citizenship of Kamdar because it is an Illinois limited liability company that was involuntarily dissolved by that state's Secretary of State.[3] APL also asserts that the case falls within the court's federal question jurisdiction under 28 U.S.C. § 1333 as an admiralty and maritime claim.

---

[1] Notice of Removal, Docket No. 1 (Dec. 21, 2009), ¶ 2.

[2] *Id.*, ¶ 3.

[3] *Id.*, ¶ 4.

Plaintiff's claim is based on *APL Co. Pte. Ltd. v. UK Aerosols Ltd, et al*, No. C05-00646, an action initiated by APL in the Northern District of California, as well as appellate proceedings in that action. The underlying action involved claims for property damage allegedly sustained by APL when hair spray and mousse containers were damaged and leaked following shipment from Istanbul, Turkey to Long Beach, California. APL obtained a judgment of more than $700,000 and is currently pursuing attorneys' fees and costs against UG and Kamdar. Valley Forge defended UG and Kamdar under an insurance policy it issued to UG.

Since the filing of the complaint in state court, APL has filed a second action in the Northern District of California against Valley Forge, pursuing a third-party judgment creditor claim under California Insurance Code § 11850 to collect the judgment in the underlying action.

The two actions in the Northern District are pending before Judge Marilyn Hall Patel. APL represents that if Valley Forge will not stipulate to transfer, it will file a motion to transfer this action to Judge Patel.

Valley Forge seeks a judicial declaration under California Code of Civil Procedure § 1060[4] that the policy it issued to UG does not provide coverage for APL's claims, the judgment APL obtained, or the fees and costs awarded in the underlying action. Valley Forge also seeks a declaration that APL cannot recover from it, whether as a third-party judgment creditor under California Insurance Code § 11850 or otherwise.

Plaintiff's motion is currently on calendar for hearing on Monday, March 22, 2010 at 10:00 a.m. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds that this matter is appropriate for decision without oral argument. The hearing scheduled for March 22, 2010 is hereby vacated and taken off calendar.

---

[4]Section 1060 provides:
"Any person interested under a written instrument . . . or under a contract, or who desires a declaration of his or her rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties . . . , including a determination of any question of construction or validity arising under the instrument or contract. He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and the declaration shall have the force of a final judgment. The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought."

## II. DISCUSSION

### A.  Procedural Standard for Removal

The right to remove a case to federal court is entirely a creature of statute.  See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states.  See 28 U.S.C. §§ 1441(a), (b).  Only state court actions that could originally have been filed in federal court may be removed.  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)

Parties seeking to remove must comply with certain procedural mandates.  Among these is a requirement that "[a]ll defendants must join in a removal petition with the exception of nominal parties."  *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) (citations omitted).  "Failure to comply with the . . . unanimity requirement renders the removal procedurally defective."  *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 708 (N.D. Cal. 1994); see also *Prize Frize Inc. v. Matrix Inc.*, 167 F.3d 1261, 1266 & n.4 (9th Cir. 1999) (noting the possible presence of a procedural defect where one defendant did not join in a filing), superseded by statute on other grounds as stated in *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

The removing defendant bears the burden of establishing that removal is proper.  See *Gaus v. Miles*, 980 F. 2d. 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); see also *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (when removing a case to federal court, defendant bear the burden of proving, by a preponderance of the evidence, actual facts sufficient to support jurisdiction).  The removal statute is strictly construed against removal, and all doubts respecting jurisdiction are resolved in favor of remand.  *Gaus*, 980 F.2d at 566; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

### B.  Whether Defendant's Notice of Removal Was Filed Within the Statutory Time Period

Here, it appears that all defendants did not join in the notice of removal within thirty days of being served with the summons and complaint.  In the Ninth Circuit, "one defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient" to satisfy the requirement that all defendants must join in the removal.  *Proctor v. Vishay Intertechnology Inc.,* 584 F.3d 1208, 1225 (9th Cir. 2009).  The notice of removal in this case did not contain such a statement, however, and neither UG nor Kamdar has filed a notice of joinder or made any

other appearance in this court.

There are instances in which not all defendants are required to join in the removal. Nominal or fictitious parties, and unserved parties, for instance, are excepted from the general rule; under those circumstances, however, alleging the party's status as nominal or unserved is a necessary part of the notice of removal. *Prize Frize*, 167 F.3d at 1266 (stating that "[w]here fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal" and noting that jurisdiction under Class Action Fairness Act does not require joinder of all defendants). See also *Means v. G & C Towing, Inc.*, 623 F.Supp. 1244, 1245 (S.D. W. Va. 1986). APL's notice of removal does not state that the unjoined defendants are nominal or fictitious, or that they have not been served.

In *Prize Frize*, the removing defendants stated that they "ha[d] been informed and believe[d] that many of the other defendants named in the fourth amended complaint caption ha[d] not been properly served. . . ." Because defendants mentioned "many" other defendants, but not "all," the court held that "the notice was facially deficient for failing to explain why all non-joining defendants had not consented." *Id.* at 1266. Under *Proctor* and *Prize Frize*, APL's failure to explain affirmatively the absence of the other defendants constitutes a clear procedural defect. See 28 U.S.C. § 1446(a); *Prize Frize*, 167 F.3d at 1266.

APL asserts that UG is insolvent and has been suspended by the State of California and that Kamdar is insolvent and has been involuntarily dissolved by the State of Illinois. APL urges the court to "disregard the citizenship" of these parties for purposes of determining whether diversity jurisdiction exists. APL does not, however, address why these co-defendants failed to join in the notice of removal. It does not appear appropriate to infer that the fact that a corporation has been suspended or dissolved that it has not been served. In California, "service of process upon a suspended corporation is effected in the same manner as service upon a corporation that is not suspended." *Grell v. Laci Le Beau Corp.*, 73 Cal.App.4th 1300, 1305-06 (1999). In Illinois, "a dissolved corporation may be served through the Illinois Secretary of State." *In re CMGT, Inc.*, 402 B.R. 262, 272 (Bankr. N.D. Ill. 2009). Notably, in APL's opposition to the motion for remand, it asserts that Valley Forge has not completed service of process on UG; it is silent, however, regarding service on Kamdar.

California, moreover, has long since abandoned the common law rule that a corporation cannot be sued after its dissolution. California Civil Code § 399 provides "for the continuation of the corporate existence indefinitely for the purpose of winding up and settling the affairs of corporations which ha[ve] been dissolved, rather than extinguishing the corporate existence." *Penasquitos, Inc. v. Superior Court*, 53 Cal.3d 1180, 1185 (1991) (quoting *J.C. Peacock, Inc. v. Hasko*, 196 Cal.App.2d 363, 368 (1961)). This is consistent with California Corportaions Code § 2010, which states that "[a] corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it and enabling it to collect and discharge obligations, dispose of and convey its property and collect and divide its assets, but not for the purpose of continuing business except so far as necessary for the winding up thereof." The same is true under Illinois law. An Illinois limited liability company exists as a going concern after dissolution "for the purpose of winding up its affairs." 805 ILL. COMP. STAT. 180/35-3(a). In the course of winding up its affairs, a dissolved LLC may, among other things, "prosecute and defend actions and proceedings." 805 ILL. COMP. STAT. 180/35-4(c). See *McGee v. Dresnick*, No. 04 C 6684, 2005 WL 6244201, *4 (N.D. Ill. Aug. 24, 2005)

(holding that an Illinois limited liability company was not shielded from suit by dissolution).

Defendant also asserts that Kamdar's and UG's citizenship should be disregarded because the entities have been fraudulently joined. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). Because courts must resolve all doubts against removal, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in [the] plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential*, 5 F.Supp.2d 804, 807 (N.D. Cal.1998)). Thus, "[i]f there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." *Id.* See also *Good*, 5 F.Supp.2d at 807 ("The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant"). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys.*, Inc., 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001).

Plaintiff pleads a declaratory relief claim against all defendants under California Code of Civil Procedure § 1060. "'The purpose of a declaratory judgment [under § 1060] is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation.'" *Meyer v. Sprint Spectrum L.P.*, 45 Cal.4th 634, 647 (2009) (quoting *Maguire v. Hibernia Savings & Loan*, 23 Cal.2d 719, 729 (1944)). "'Another purpose is to liquidate doubts with respect to uncertainties or controversies which might otherwise result in subsequent litigation.'" *Id.* (quoting *Bess v. Park*, 132 Cal.App.2d 49, 52 (1955)). "'One test of the right to institute proceedings for declaratory judgment is the necessity of present adjudication as a guide for plaintiff's future conduct in order to preserve his legal rights.'" *Id.* (quoting *American Telephone & Telegraph Co. v. California Bank*, 59 Cal.App.2d 46, 55 (1943)). Section 1060 "does not require a breach of contract in order to obtain declaratory relief, only an 'actual controversy.' Declaratory relief pursuant to this section has frequently been used as a means of settling controversies between parties to a contract regarding the nature of their contractual rights and obligations." *Id.*[5]

Plaintiff alleges that it anticipates APL will seek to recover the judgment it obtained against UG and Kamdar from Valley Forge as an insurer.[6] Valley Forge, therefore, seeks a declaration as to its

---

[5] Federal courts sitting in diversity apply the substantive law of the forum state. See *Clark v. Allstate Insurance Co.*, 106 F.Supp.2d 1016, 1018 (S.D. Cal. 2000) ("It is well-established that federal courts sitting in diversity must apply state substantive law and federal procedural rules," citing *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 986 (S.D. Cal. 1999) and *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Federal courts have consistently applied § 1060 rather than the federal Declaratory Judgment Act when sitting in diversity. See, e.g., *Acceptance Insurance Co. v. American Safety Risk Retention Group, Inc.*, Civil No. 08cv1057-L(WMc), *4 (S.D. Cal. Mar. 3, 2010) (applying § 1060 to declaratory relief claim); *LeFebvre v. Syngenta Biotechnology, Inc.*, No. C 08-02732 JW, 2008 WL 5245056, *3 (N.D. Cal. Dec. 15, 2008) (same); *Smith v. Bioworks, Inc.*, No. CIV. S-05-1650 FCD EFB, 2007 WL 273948, *4 n. 5 (E.D. Cal. Jan. 29, 2007) ("Plaintiff generally alleges a claim for declaratory relief in his Complaint. Because this is a diversity action, and because plaintiff alleges that California law applies in this action, the court applies California's declaratory relief statute to plaintiff's claims").

[6] Complaint, ¶ 4.

rights and obligations with respect to UG, Kamdar, and APL. Specifically, Valley Forge seeks a declaration that the policy it issued to UG does not provide coverage for the claims asserted by APL against UG and Kamdar.[7] Kamdar has asserted that it is a third-party beneficiary of the insurance contract between Valley Forge and UG, and both UG and Kamdar sought defense and indemnity in the underlying action from Valley Forge. Consequently, Valley Forge has filed a declaratory relief action to determine its rights and obligations under the policy. *Flintkote Co. v. General Accidental Assurance Co.*, 410 F.Supp.2d 875, 883-84 (N.D. Cal. 2006) ("Under California Law, both the parties to an insurance contract and third-party beneficiaries of the contract are entitled to enforce the contract"); *Otay Land Co. v. Royal Indemnity Co.*, 169 Cal.App.4th 556, 565 (2008) (describing as typical a situation in which an insurer sues a third party in its own right party to determine rights under the insurance policy).

"[D]eclaratory relief is appropriate only where there is an actual controversy, not simply an abstract or academic dispute." *Connerly v. Schwarzenegger*, 146 Cal.App.4th 739, 746 (2007) (quoting *Newland v. Kizer*, 209 Cal.App.3d 647, 657 (1989)). "'A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the court.'" *AICCO, Inc. v. Insurance Co. of North America*, 90 Cal.App.4th 579, 590 (2001) (quoting *Maguire*, 23 Cal.2d 719, 728 (1944)). See also 5 B.E. Witkin, CALIFORNIA PROCEDURE, § 861 (5th ed. 2008) (same). Valley Forge has adequately alleged that a present and actual controversy exists between it and Kamdar and UG, and APL has not met its heavy burden of demonstrating that Valley Forge lacks a non-fanciful claim against either entity.

As respects Kamdar, APL has failed to assert that it has not been served and has failed to demonstrate that it has been fraudulently joined.[8] Because Kamdar has not been joined in the removal, the removal is procedurally defective and the action must be remanded to state court. See 28 U.S.C. § 1447(c); *Proctor*, 584 F.3d at 1224-25.

### III. CONCLUSION

For the reasons stated, plaintiff's motion to remand is granted. The clerk is directed to remand the action forthwith to Los Angeles Superior Court.

---

[7] *Id.*, ¶ 23.

[8] Valley Forge has not yet served UG. (Declaration of Yvette D. Roland in Support of Plaintiff Valley Forge Company's Motion to Remand, Docket No. 12 (Jan. 20, 2010), ¶¶ 17-18.)